UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JOSEPH J. FAIN, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 11-0377-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| GARY BECKSTROM, Warden, Eastern | ) | **MEMORANDUM OPINION** |
| Kentucky Correctional Complex, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Joseph Fain was found guilty of trafficking in a controlled substance in the first degree and being a persistent felony offender in the first degree.  He subsequently received an enhanced sentence of ten years' imprisonment.  After exhausting his direct appeals, Fain filed an unsuccessful motion alleging ineffective assistance of his trial counsel under Rule 11.42 of the Kentucky Rules of Criminal Procedure.  Again, however, Fain's attempt to overturn his conviction and sentence was unsuccessful.

On November 28, 2011, Fain filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Through this proceeding, the petitioner asserts that he was denied due process and equal protection under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by the state trial court allowing in-court identification which was based on an unduly suggestive photographic line-up.  Next, Fain contends that he was denied effective assistance of counsel under the Fifth, Sixth and Fourteenth Amendments because his trial

counsel failed to investigate and secure the attendance of exculpatory witnesses.  Finally, the petitioner argues that his counsel preformed ineffectively by failing to move the trial court for a directed verdict on the trafficking charge.[1]  Respondent Gary Beckstrom, Warden of the Eastern Kentucky Correctional Complex, moved the Court for entry of summary judgment on January 11, 2012.  In support, Warden Beckstrom submitted the relevant portions of the state court record, together with a memorandum outlining the basis for the relief sought. [Record Nos. 5, 6]

Fain did not respond to Warden Beckstrom's motion for summary judgment within the time provided by the United States Magistrate Judge. [*See* Record No. 7 which directs that the petitioner shall file a response to the motion for summary judgment on or before February 13, 2012.]  However, notwithstanding this failure, the undersigned has reviewed the petition in addition to the relevant parts of the state court record.  Having reviewed these materials, the Court concludes that the respondent is entitled to the relief sought.

## I.      Relevant Facts

The facts relevant to the respondent's motion are set out in the the Kentucky Court of Appeals' 2008 opinion of Fain's direct appeal following his conviction and sentencing.  *Fain v. Commonwealth*, 2007-CA-001029-MR, 2008 WL 746813 (Ky. App. 2008).  They are also

---

1  Regarding his second and third arguments, Fain also argues that his rights guaranteed by sections seven and eleven of the Kentucky Constitution were also violated by his attorney's actions.  However, as a general matter, "[i]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  The alleged violations of the Kentucky Constitution do not fall within any exception to this general rule.  Additionally, the Court notes that the state court's interpretation of state law is binding on federal habeas courts.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) and other authorities cited at page 5 of Respondent Beckstrom's memorandum filed in support of his motion for summary judgment. [Record No. 5]

cited in the respondent's supporting memorandum. [Record No. 5] In summary, members of the Lexington Police Department's Narcotics Enforcement Unit were engaged in undercover operations concerning drug trafficking in Lexington, Kentucky, on August 8, 2006. On that date, Detective William Goldie was approached by Jaqueda Perry. After Detective Goldie asked for a "twenty," Perry walked toward Fain who was seated a short distance from the transaction. Perry returned a short time later and provided the detective with a twenty dollar rock of crack cocaine. Goldie's vehicle was outfitted with concealed video and audio recorders. Additionally, another detective – Detective Joseph Eckhart – was positioned across the street from the transaction and videotaped the operation.

Immediately after the drug sale, narcotics officers arrived in the neighborhood and approached both Perry and Fain. Both matched the physical descriptions provided by Detective Goldie. After obtaining personal information from the suspects, the officers left the area. Thereafter, a Fayette County Grand Jury indicted Fain on one count of trafficking in a controlled substance in the first degree and being a persistent felony offender in the first degree.

During trial, Perry testified that she had been in area where the August 8, 2006, drug transaction had occurred. More specifically, she indicated that she was "waiving people down" to facilitate drug transactions and was hoping to get drugs for her efforts. On direct examination, Perry identified Fain as the individual who was providing crack cocaine to her. Detectives Goldie and Eckhart also testified that Fain was also involved in the transaction in question. Additionally, the jury viewed the surveillance video of the drug sale. Following presentation of this evidence, the jury found Fain guilty of trafficking in a controlled substance in the first

degree.  However, Fain waived jury sentencing and pled guilty to being a first-degree persistent felony offender.  The Court adopted the Commonwealth's recommendation of a ten year sentence of imprisonment.

On direct appeal, the Kentucky Court of Appeals concluded that the Fayette Circuit Court had not erred in allowing Perry to identify Fain during trial.  Although Fain argued that Perry would be influenced by "an unduly suggestive photographic line-up," the court concluded that Fain failed to establish that the photos used in advance of trial were unduly suggestive.[2]  And as the respondent notes in his supporting memorandum, while Fain challenged the trial court's holding on due process grounds in his direct appeal, he did not assert that the use of the photographs violated any rights to equal protection under the United States Constitution.

After exhausting his direct appeals, Fain filed a motion with the Fayette Circuit Court alleging ineffective assistance of counsel under Rule 11.42 of the Kentucky Rules of Criminal Procedure.  Following the denial of this motion, Fain again sought relief from the Kentucky Court of Appeals.  However, that court again rejected Fain's arguments.  In relevant part, the court concluded that Fain's trial counsel was not ineffective for: (1) failing to investigate the petitioner's prior convictions which were used to support the persistent felony offender charge; (2) failing to move for a directed verdict; and (3) failing to investigate and present testimony from exculpatory witnesses. *Fain v. Commonwealth*, 2010-CA-001231-MR, 2011 WL 3862264 (Ky. App. 2011).

---

2  The photographs shown to Perry in advance of trial were not made a part of the appellate record.  However, based upon the record developed by the trial judge, the state appellate court noted that, under *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985), it was appropriate to conclude that the "show up" identification was not unduly suggestive.

## II.    Legal Analysis

The respondent correctly summarizes the standard of review applicable to Fain's petition in his supporting memorandum.  Under 28 U.S.C. § 2254, an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in a state court proceeding unless the adjudication of the claim: (1) resulted in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254.  Further, federal constitutional claims which could be – but which were not – presented to state courts for resolution in the first instance are procedurally defaulted unless the petitioner is able to establish cause and actual prejudice.  *Wainwright v. Sykes*, 433 U.S. 72 (1977).

### A.    The Kentucky Courts Did Not Err In Allowing Perry To Identify Fain As The Person Who Supplied Crack Cocaine To Her For The Drug Transaction In Issue.

Fain did not attempt to challenge in the state court proceedings the admission of identification testimony by Jaqueda Perry as a violation of his rights under the equal protection clause of the Fourteenth Amendment to the United States Constitution. As a result, unless the petitioner can show cause and actual prejudice, this claim is procedurally defaulted.  Having reviewed the record, the Court concludes that Fain cannot make such a showing.  Likewise, Fain cannot establish that the admission of this evidence violated his due process rights.  In addition to Fain's failure to include the subject photographs in the record for review, Perry was able to

make an in-court identification of Fain based on her prior knowledge of and interaction with the petitioner. As the respondent suggests, it is not reasonable to conclude that seeing a photograph of Fain would distort Perry's memory of someone that she personally knew and with whom she had previously interacted. While there is insufficient evidence that Perry's pre-trial identification of Fain was unduly suggestive, it is clear that the photos did not taint her identification of him during trial. *Neil v. Biggers*, 409 U.S. 188, 199 (1972). As a result, Fain's first claims fails.

> **B.      Fain Cannot Establish That His Trial Counsel Was Ineffective Under *Strickland v. Washington*, 466 U.S. 668 (1984).**

Fain's second and third claims of ineffective assistance of counsel also fail. During trial, Fain attempted unsuccessfully to challenge Perry credibility by presenting another witness (Washington). The trial court concluded Fain's trial counsel did not provide ineffective representation by not calling another witness (Riley) on this same subject. As the Kentucky Court of Appeals concluded, such testimony would have been cumulative. Further, under *Strickland v. Washington*, 466 U.S. 668 (1984), Fain cannot demonstrate that this determination was prejudicial. Here, in addition to the testimony of Perry, the jury was presented with identification testimony of the detectives who participated in (*i.e.*, Detective Goldie) and also recorded (*i.e.*, Detective Eckhart) the drug transaction. And of equal significance, the jury was allowed to view the video recordings of the events.

Finally, Fain's assertion that his trial counsel performed ineffectively by failing to file a motion for a direct verdict was abandoned during his state court appeal. As a result, that claim

is also subject to procedural default.  However it is also refuted by the record. [See respondent's memorandum filed in support of his motion for summary judgment at pp. 10-11]

### III.   Conclusion

Based on the foregoing analysis of the claims presented in Petitioner Joseph Fain's petition for relief under 28 U.S.C. § 2254,  it is hereby

**ORDERED** as follows:

1.      Respondent Gary Beckstrom's Motion for Summary Judgment [Record No. 6] is **GRANTED**;

2.      Petitioner Joseph Fain's Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254 [Record No. 1], is **DENIED**;

3.      A Certificate of Appealability shall not issue because Fain as not made a substantial showing of the denial of any substantive constitutional right[3]; and

4.      This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

---

3      A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2), "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Fain has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

This 23rd day of February, 2012.



Signed By:

*Danny C. Reeves*

United States District Judge